Thomas Myers (CA SBN 120674)
myers@smithmyerslaw.com
SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Telephone: (213) 613-2380
Facsimile: (213) 613-2395

Ángel J. Valencia (*Pro Hac Vice Application to be Filed*)
ajv@nrtw.org
Milton L. Chappell (*Pro Hac Vice Application to be Filed*)
mlc@nrtw.org
c/o NATIONAL RIGHT TO WORK LEGAL
DEFENSE FOUNDATION, INC.
8001 Braddock Road, Suite 600
Springfield, Virginia 22151
Telephone: (703) 321-8510
Facsimile: (703) 321-9319

Attorneys for Plaintiff and the Classes She Seeks to Represent

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IRENE SEAGER**, individually and as representative of the requested classes,<br><br>Plaintiff,<br><br>v.<br><br>**UNITED TEACHERS LOS ANGELES; LOS ANGELES UNIFIED SCHOOL DISTRICT; XAVIER BECERRA**, in his official capacity as Attorney General of California,<br><br>Defendants. | Case No: 2:19-cv-00469<br><br>**COMPLAINT – CLASS ACTION**<br><br>Constitutional Violation Action (42 U.S.C. § 1983), Declaratory Judgment, Injunctive Relief |

SMITH & MYERS LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, California 90017
Tel: (213) 613-2380 Fax: (213) 613-2395

# INTRODUCTION

1. On June 27, 2018, the Supreme Court held it unconstitutional for public-sector unions and employers to collect/deduct union dues or fees from public employees without their affirmative consent and a knowing waiver of their First Amendment rights. *Janus v. AFSCME, Council* 31, 138 S.Ct. 2448, 2486 (2018).

2. Plaintiff Irene Seager ("Seager") is a public employee of the Los Angeles Unified School District ("Los Angeles District") and is employed in a bargaining unit represented by United Teachers Los Angeles ("UTLA").

3. After being notified of Seager's decision to revoke any prior dues authorization, Los Angeles District and UTLA, directly or indirectly, nonetheless continues to deduct dues from her paychecks, in furtherance of UTLA's restrictive revocation policies.

4. UTLA and Los Angeles District violate the First Amendment rights of Seager and of the proposed class of public employees subject to UTLA's revocation policy, by collecting/deducting union dues from their wages without their knowing consent, thereby severely restricting their exercise of their First Amendment right under *Janus* not to subsidize unions.

5. Defendants maintain and enforce policies, including the dues deduction provisions of the existing collective bargaining agreement between UTLA and Los Angeles District. Under these policies, UTLA collects, directly or

indirectly, union dues from the wages of public employees, even from those who have notified UTLA of their resignation from union membership and revocation of their prior dues deduction authorizations.

6. Seager brings this civil rights action, pursuant to 42 U.S.C. § 1983 on behalf of herself and all other similarly situated employees, seeking: (a) a judgment declaring the revocation restrictions and the deduction of union dues or fees without the employees' affirmative consent and knowing waiver of First Amendment rights are unconstitutional and unenforceable; (b) judgment declaring the restrictive revocation policy found in the dues deductions authorization, which limits employees' dues deductions revocation rights to a yearly 30-day window, violates the First Amendment and is null and void; (c) injunctive relief that prohibits the maintenance and enforcement of the unconstitutional policies, actions and provisions, along with compensatory and nominal damages; (d) judgment declaring the application of Cal. Educ. Code § 45060(a) as unconstitutional for violating the First Amendment; and (e) costs and attorneys' fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

7. This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff Seager and all class members by the Constitution of the United States, particularly the First and Fourteenth

Amendments.

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

9. This action is an actual controversy in which Plaintiff Seager seeks a declaration of her rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare Plaintiff Seager's rights and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and division and Defendants operate and do business in this judicial district and division.

## PARTIES

11. Plaintiff Irene Seager resides in Ventura County, California and works in Los Angeles County, California.

12. Defendant United Teachers Los Angeles ("UTLA"), whose office is located at 3303 Wilshire Boulevard, 10th Floor, Los Angeles, California 90010 is a local public sector labor union. UTLA is the exclusive representative for collective bargaining purposes of thousands of public-school teachers and educators throughout the Los Angeles area. UTLA entered into a collective bargaining agreement with the Los Angeles Unified School District, which terms are enforced on bargaining unit members.

13. Defendant Los Angeles Unified School District, whose Northwest District Office address is located at 333 South Beaudry Avenue, Los Angeles, California 90017, is a public-school district serving Los Angeles County, California. It is responsible for deducting dues from Plaintiff Seager and remitting them to UTLA.

14. Defendant Xavier Becerra is sued in his official capacity as Attorney General of the State of California. As Attorney General, he is the chief law officer charged with the enforcement of state laws, including Cal. Educ. Code § 45060(a), which is being challenged in the instant case as unconstitutional. His office address is 300 South Spring Street, Los Angeles, California 90013-1230.

## FACTUAL ALLEGATIONS

15. Plaintiff Irene Seager is a public-school teacher at Porter Ranch Community School and an employee of the Los Angeles Unified School District.

16. At all relevant times, Seager has been subject to the exclusive representation of UTLA and subject to the collective bargaining agreement between Los Angeles District and UTLA.

17. On April 6, 2018, Seager signed UTLA's dues checkoff authorization card that authorized the deduction of union dues from her wages. At this time, Seager was required, as a condition of employment, to either join the union as a full member or pay union forced fees even if she was a nonmember.

18. On June 27, 2018, the Supreme Court in *Janus* held forced fee

requirements unconstitutional and that public employees had a First Amendment right not to have any union dues or fees deducted from their wages without their affirmative consent and knowing waiver of their First Amendment rights. 138 S.Ct. at 2486.

19. After *Janus* was decided, Seager notified UTLA on July 18, 2018 and August 24, 2018, in writing, of her resignation as a member of UTLA and that she did not consent to any deduction of union dues or fees from her wages. UTLA responded in writing denying her request.

20. UTLA's dues deduction authorization form signed by Seager states:

> "I recognize the need for a strong UTLA and believe everyone represented by our union should pay their fair share to support our union's activities. I hereby (1) agree to pay regular monthly dues uniformly applicable to members of UTLA; and (2) request and voluntarily authorize my employees to deduct from my earnings and to pay over to UTLA such dues. This agreement to pay dues shall remain in effect and shall be irrevocable unless I revoke it by sending written notice via U.S. mail to UTLA during the period no less than thirty (30) days and no more than sixty (60) days before the annual anniversary date of this agreement or as otherwise required by law. This agreement shall be automatically renewed from year to year unless I revoke it in writing during the window period, irrespective of my membership in UTLA."

21. UTLA's dues deduction authorization does not contain any language informing potential signatories: (1) that they have a First Amendment right not to subsidize the union and its speech; or (2) that, by signing the cards, they are

waiving their First Amendment right to not subsidize UTLA and its speech.

22. UTLA's restrictive revocation policy is enforced by Los Angeles District that, in coordination with UTLA and at its behest, deducts union dues from employees' wages and remits those monies to UTLA pursuant to dues deduction agreements and dues checkoff provisions. UTLA and Los Angeles District have failed and refused to terminate their restrictive revocation policy after Seager's notification of revocation of consent for such deductions.

23. Pursuant to its restrictive revocation policy, Defendants continued to collect and deduct union dues from Seager and other employees after they notified UTLA that they did not consent to paying union dues. Unless enjoined from so doing, UTLA and Los Angeles District will continue to collect/deduct union dues from employees.

24. On information and belief, Defendants have enforced, and will continue to enforce, the restrictive revocation policy by collecting and deducting union dues from employees who notified UTLA that they do not consent to paying union dues.

## CLASS ACTION ALLEGATIONS

25. Plaintiff Seager brings this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for herself and for all others similarly situated, and any subclasses deemed appropriate by this Court, as described in the following classes:

26. Plaintiff Seager is the class representative of the "Revocation Class", which consists of individuals: (a) who are Los Angeles Unified School District employees exclusively represented by UTLA or one of its affiliates for purposes of collective bargaining, (b) who resigned union membership and revoked their consent to the payment of any union dues, and (c) who had or are still having union dues deducted from their wages in spite of such resignation and revocation request. The class includes everyone who comes within the class definition at any time from the time of resignation from union membership and revocation of consent to the payment of dues.

27. Plaintiff Seager is the class representative of the "Full Dues Class", which consists Los Angeles Unified School District employees exclusively represented by UTLA or one of its affiliates for purposes of collective bargaining who are subject or become subject to Defendants' restrictive revocation policy.

28. Upon information and belief, there are hundreds, if not thousands, of class members in each of the classes described above. Their number is so numerous that joinder is impractical. The precise number of class members is unknown to Plaintiff Seager, but it is clear that the number greatly exceeds the number to make joinder feasible.

29. There are questions of law and fact common to all Revocation and Full Dues class members. Factually, all have had union dues deducted from their wages and are or were subject to the same or similar restrictive revocation policy.

For Seager and Full Dues class members, the dispositive legal question is whether Defendants' maintenance and enforcement of their restrictive revocation policy violates the First Amendment. For Seager and Revocation class members, the dispositive legal question is whether the deduction and collection of full union dues from employees' wages subsequent to their resignation and revocation of dues deductions violates their rights under the First Amendment.

30. Seager's claims and defenses are typical of the Full Dues class members' claims because they concern whether Defendants' restrictive revocation policy unlawfully restricts employees' First Amendment rights.

31. Seager's claims and defenses are typical of the Revocation class members' claims because Defendants have seized and collected or are currently seizing and collecting dues from Seager and Revocation class members in violation of their First Amendment right to not subsidize union activity without their affirmative consent and known waiver of that First Amendment right, as recognized by the U.S. Supreme Court in *Janus v. AFSCME* on June 27, 2018.

32. Plaintiff Seager can fairly and adequately represent the interests of both classes and has no conflict with other, similarly situated class members. Seager has no interest antagonistic to others who have been subjected by Defendants to the aforementioned restrictive revocation policy and union dues deductions scheme.

33. Plaintiff Seager's counsel has considerable experience handling class

actions and the types of claims asserted in the instant complaint. Moreover, Plaintiff Seager's counsel is knowledgeable in the applicable law and possesses the necessary resources for committing to representing the class.

34. The Revocation Class identified above can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because Defendants' duty to cease the union dues deductions and collections applies equally to Seager and class members, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

35. The Revocation Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality of union dues deductions in the aforementioned circumstances as to one of the class members, as a practical matter, will be dispositive of the interests of all class members or would substantially impair or impede the other class members' ability to protect their interests.

36. The Revocation Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted to deprive Seager and class members of their constitutional rights on grounds generally applicable to all, thereby making declaratory, injunctive, and other equitable relief appropriate with regard to the class as a whole.

37. Alternatively, the Revocation Class can be maintained under Federal

Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned dues deductions violate their First Amendment rights and whether the restrictive revocation policy constitutes a valid waiver of a constitutional right when it was ratified before the right not to subsidize union activity was recognized by the U.S. Supreme Court in *Janus v. AFSCME* on June 27, 2018.

38. The class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are deprived of the same rights by Defendants' actions, differing only in the amount of money deducted. This fact is known to Defendants and easily calculated from Defendants' business records. The limited amount of money involved in the case of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

39. The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because separate class actions by Full Dues class members could risk inconsistent adjudications that would establish incompatible standards of conduct for Defendants.

40. The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality

of Defendants' maintenance of their restrictive revocation policy will, as a practical matter, be dispositive of the interests of all Full Dues class members or substantially impair or impede their ability to exercise their First Amendment rights.

41. The Full Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because by maintaining and enforcing their restrictive revocation policy, Defendants have acted or refused to act on grounds that apply generally to members of the Full Dues Class, so that final injunctive or declaratory relief is appropriate for the Full Dues class as a whole.

## CAUSES OF ACTION

42. Plaintiff Seager re-alleges and incorporates by reference the paragraphs set forth above in this Complaint.

43. Under California law, "[a]ny revocation of a written authorization shall be in writing and shall be effective provided the revocation complies with the terms of the written authorization." Cal. Educ. Code § 45060(a). Defendants are acting under color of state law, Cal. Educ. Code § 45060(a), by maintaining and enforcing its restrictive revocation policy and by deducting/collecting union dues from public employees who have notified their union and/or their employer that they do not consent to paying union dues.

44. Seager is suing Defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201 on behalf of herself and the

requested class.

# COUNT I

**(Full dues deductions without consent and waiver of First Amendment rights violate 42 U.S.C. § 1983 and the First and Fourteenth Amendments)**

45. Defendants' maintenance and enforcement of its restrictive revocation policy and deduction of union dues from the wages of Seager and Revocation class members without the affirmative authorization and knowing waiver of First Amendment rights violates Seager's and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

46. Furthermore, Defendants' continued deduction and collection of union dues in spite of the decision to revoke any prior dues authorization violates Seager's and Revocation class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.SC. § 1983.

47. Under 42 U.S.C. § 1983, Seager and all class members are entitled to have the enforcement of Cal. Educ. Code § 45060(a) declared unconstitutional for, in contravention of their First Amendment rights to free speech and association, allowing the imposition of Defendants' restrictive revocation policy and the deduction of dues from employees who do not affirmatively consent to such deductions.

48. The U.S. Supreme Court held that under the First Amendment, "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." *Janus v. AFSCME, Council 31*, 138 S.Ct. at 2486.

49. The U.S. Supreme Court in *Janus* further held that an individual's consent to pay union dues requires a waiver of First Amendment rights. *Id.* In order to be effective, a waiver of First Amendment rights must be knowingly, clearly and voluntarily made.

50. Defendants did not obtain from Seager, or Revocation class members a valid waiver of their First Amendment rights under *Janus* prior to the deduction of dues because, among other reasons, UTLA's dues authorization form does not clearly inform employees that they have First Amendment rights not to financially support an exclusive representative. Nor does UTLA's dues authorization form expressly state that the employee agrees to waive or restrict his/her First Amendment rights to an annual thirty (30) day window period.

51. Plaintiff Seager and Revocation class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' restrictive revocation policies, provisions and continued deductions of union dues.

## COUNT II

**(Defendants' Revocation Policy Deprives Plaintiff Seager, Full Dues Class Members and Revocation Class Members of their First Amendment Rights)**

52. Defendants' restrictive revocation policy prohibits or prohibited Seager, Full Dues class members and Revocation class members from exercising their First Amendment rights under *Janus* to not subsidize a labor union and its speech.

53. Defendants did not obtain from Seager, Full Dues class members, or Revocation class members a valid waiver of their First Amendment rights under *Janus* because, among other reasons, UTLA's dues authorization form and Defendants' more restrictive revocation policy do not clearly inform employees that they have a First Amendment right not to financially support an exclusive representative. Nor do they expressly state that the employee agrees to waive or restrict his/her exercise of First Amendment rights to an annual thirty (30) day window period.

54. Defendants' restrictive revocation policy caused and continues to cause the deduction and collection of union dues from Seager, Full Dues class members and Revocation class members who do not consent to paying union dues or having union dues deducted from their wages.

55. Defendants' maintenance and enforcement of their restrictive revocation policy deprives Seager, Full Dues class members and Revocation class

members of their First Amendment rights to free speech and association, as secured against infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Seager requests that this Court:

A. **Class Action:** Enter an order, as soon as practicable, certifying this case as a class action, certifying the classes as defined in the complaint, certifying Plaintiff Seager as class representative of both classes, and appointing Plaintiff Seager's counsel as class counsel for the classes;

B. **Declaratory Judgment:** (i) Enter a declaratory judgment that the restrictive revocation policies put in place by Defendants are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and unenforceable against Seager, the Revocation and Full Dues class members; and (ii) Enter a declaratory judgment that Defendants are violating Seager's and Revocation class members' First Amendment rights as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by collecting and deducting union dues from public employees who do not consent to paying union dues or who notify the union that they no longer consent to paying union dues.

C. **Injunctive Relief:** (i) Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in

active concert or participation with them, from maintaining and enforcing their restrictive revocation policies and from collecting and deducting union dues from Plaintiff and other public employees who notify their union that they do not consent to paying union dues; (ii) Permanently enjoin Defendant Los Angeles Unified School District from carrying out dues deductions —pursuant to UTLA's revocation policies— from Plaintiff's and Revocation class members' paychecks; (iii) Order Defendants to reimburse Seager and Revocation class members the amount of money equal to the unlawfully and improperly withheld union dues deducted and collected subsequent to their revocation of their union deduction authorizations, plus applicable interest, and (iv) permanently enjoin the Attorney General of the State of California from enforcing Cal. Educ. Code § 45060(a) and all other provisions of California law that allow for Defendants' restrictive revocation policy and the deduction of dues from employees who do not affirmatively consent to such deductions.

**D. Damages:** (i) Enter a judgment awarding Seager and Revocation class members compensatory damages, refunds or restitution in the amount of union dues deducted or required to be paid, directly or indirectly, to UTLA from their wages without their affirmative and knowing consent; (ii) Enter a judgment awarding nominal damages to Full Dues class members.

**E. Costs and Attorneys' Fees:** Award Plaintiff Seager and all class members their costs and reasonable attorneys' fees pursuant to the Civil Rights

Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988.

**F. Other Relief:** (i) Require UTLA to provide Plaintiff Seager and all class members with written notice that its revocation policies are unconstitutional and unenforceable and that they can exercise their First Amendment right to not pay union dues without their consent at any time; and (ii) Grant other and additional relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

Dated: January 22, 2019                                  SMITH & MYERS LLP


By /s/ Thomas Myers
    Thomas Myers

Ángel J. Valencia
(*Pro Hac Vice* to be applied for)
Milton L. Chappell
(*Pro Hac Vice* to be applied for)

Attorneys for Plaintiff Irene Seager and the Classes She Seeks to Represent