1    XAVIER BECERRA
     Attorney General of California
2    MARK R. BECKINGTON
     Supervising Deputy Attorney General
3    LARA HADDAD
     Deputy Attorney General
4    State Bar No. 319630
      300 South Spring Street, Suite 1702
5      Los Angeles, CA  90013
      Telephone:  (213) 269-6250
6      Fax:  (213) 897-5775
      E-mail:  Lara.Haddad@doj.ca.gov
7    *Attorneys for Defendant Attorney General of*
     *California*

8

9           IN THE UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13 **IRENE SEAGER,** | Case No. 2:19-cv-00469 |
| 14         Plaintiff, | **DEFENDANT CALIFORNIA ATTORNEY GENERAL'S NOTICE AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 15     v. | |
| 16 **UNITED TEACHERS LOS ANGELES; AUSTIN BEUTNER, in his official capacity as Superintendent of the Los Angeles Unified School District; XAVIER BECERRA, in his official capacity as Attorney General of California,** | |
| 17 | |
| 18 | Date:         August 16, 2019 |
| 19 | Time:         10:30 a.m. |
| 20         Defendants. | Judge:       Hon. Josephine L. Staton |
| 21 | Action Filed: January 22, 2019 |

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE ................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 3

INTRODUCTION .................................................................................................. 3

BACKGROUND ..................................................................................................... 4

    I.     Plaintiff's Membership in UTLA ............................................................ 4

    II.    Enactment of Senate Bill No. 866 ............................................................ 5

PROCEDURAL BACKGROUND .......................................................................... 6

LEGAL STANDARD ............................................................................................. 7

ARGUMENT .......................................................................................................... 8

    Plaintiff Cannot State a Constitutional Challenge to Section 45060(a)
    Because Her Purported Harm is Not Based on Any State Action ........ 8

    I.     The Union's Post-Resignation Deduction of Dues Is Not Based
        on a Right or Privilege Created by the State ...................................... 10

    II.    UTLA Is Not a "State Actor" ............................................................. 11

        A.    The Public Function Test ........................................................ 12

        B.    The Joint Action Test .............................................................. 13

        C.    State Compulsion Test ............................................................. 14

        D.    The Governmental Nexus Test ................................................ 14

CONCLUSION ..................................................................................................... 16

# TABLE OF AUTHORITIES

**Page**

CASES

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*
526 U.S. 40 (1999) ........................................................................ 12

*Babb v. Cal. Teachers Ass'n, et al.*
__ F.Supp.3d __, No. 8:18-cv-00994-JLS-DFM, 2019 WL 2022222
(C.D. Cal. May 8, 2019) ................................................................. 6

*Bain v. Cal. Teachers Ass'n*
156 F. Supp. 3d 1142 (C.D. Cal. 2015) ................................... 9, 15

*Bain v. Cal. Teachers Ass'n*
No. 2:15-cv-02456-SVW-AJW, 2016 WL 6804921 (C.D. Cal. May
2, 2016) ......................................................................................... 15

*Belgau v. Inslee*
359 F. Supp. 3d 1000 (W.D. Wash. Feb. 15, 2019) ..................... 11

*Blum v. Yaretsky*
457 U.S. 991 (1982) .................................................................. 9, 14

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*
590 F.3d 806 (9th Cir. 2010) ............................................. 9, 10, 14

*Cobb v. Saturn Land Co., Inc.*
966 F.2d 1334 (10th Cir. 1992) .................................................... 11

*Delgado v. Smith*
861 F.2d 1489 (11th Cir. 1988) .................................................... 11

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*
132 F.3d 526 (9th Cir. 1997) ..................................................... 7, 8

*Evans v. Newton*
382 U.S. 296 (1966) ...................................................................... 12

# TABLE OF AUTHORITIES
### (continued)

Page

*Flagg Bros., Inc. v. Brooks*
    436 U.S. 149 (1978) ................................................................. 10

*Florer v. Congregation Pidyon Shevuyim, N.A.*
    639 F.3d 916 (9th Cir. 2011) .................................................... 12

*Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day*
    *Adventist Congregational Church*
    887 F.2d 228 (9th Cir. 1989) ................................................ 7, 8

*Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*
    570 F.3d 811 (7th Cir. 2009) .................................................... 15

*Hebert Abstract Co. v. Touchstone Props., Ltd.*
    914 F.2d 74 (5th Cir. 1990) (per curiam) .................................. 8

*Heliotrope General, Inc. v. Ford Motor Co.*
    189 F.3d 971 (9th Cir. 1999) ...................................................... 8

*Janus v. American Federation of State, County, and Municipal*
    *Employees Council 31*
    138 S. Ct. 2448 (June 27, 2018) ...................................... 3, 4, 5, 6

*Kidwell v. Transp. Commc'ns Int'l Union*
    946 F.2d 283 (4th Cir. 1991) .................................................... 15

*Lee v. Katz*
    276 F.3d 550 ................................................................. 12, 13

*Lopez v. Dep't of Health Servs.*
    939 F.2d 881 (9th Cir. 1991) .................................................... 15

*Morgan v. Cnty. of Yolo*
    436 F.Supp.2d 1152 (E.D. Cal. 2006) .................................... 7, 8

*Naoko Ohno v. Yuko Yatsuma*
    723 F.3d 984 (9th Cir. 2013) .......................................... *passim*

*Rendell-Baker v. Kohn*
    457 U.S. 830 (1982) ................................................................. 12

Defendant Attorney General's Motion for
Judgment on the Pleadings (2:19-cv-00469)

# TABLE OF AUTHORITIES
### (continued)

Page

*Schuett v. FedEx Corp.*
119 F.Supp.3d 1155 (N.D. Cal. 2016)............................................................8

**STATUTES**

42 U.S.C. § 1983....................................................................................7, 9

Cal. Stats., Chapter 53 .................................................................................5

California Education Code
§ 45060 (1982)..........................................................................5, 6, 14
§ 45060(a)....................................................................................*passim*
§ 45060(e)..............................................................................6, 12, 14

California Government Code § 1152 (2017)....................................................5

**CONSTITUTIONAL PROVISIONS**

First Amendment ..................................................................................*passim*

Fourteenth Amendment .................................................................................7

**COURT RULES**

Federal Rule of Civil Procedure 12(c)..................................................1, 7, 8

Local Rule 7-3 .............................................................................................1

**OTHER AUTHORITIES**

SENATE BILL NO. 866, 2018 CAL. STATS., CH. 53 (SB 866) .................................5, 10

# NOTICE

PLEASE TAKE NOTICE that on August 16, 2019, at 10:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Josephine L. Staton in Courtroom 10A, 10th Floor of the United State District Court for the Central District of California, located at the Ronald Reagan Federal Building and United States Courthouse, 411 W. Fourth Street, Santa Ana, California 92701, Defendant Xavier Becerra, in his official capacity as Attorney General of California, will and hereby does move this Court for an order for judgment on the pleadings on Plaintiff's First Amended Class-Action Complaint, pursuant to Federal Rule of Civil Procedure 12(c).

This motion for judgment on the pleadings is brought on the grounds that Plaintiff's constitutional challenge to Education Code section 45060(a) fails because the challenged conduct—continued deduction of union dues pursuant to the terms of a contract between Plaintiff and a union—is not a state action. This motion for judgment on the pleadings is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 9, 2019.

This motion is based on this Notice, the supporting memorandum of points and authorities, the papers and pleadings on file in this action, and upon such matters as may be presented to the Court at the time of the hearing.

1

2   Dated:  May 29, 2019                                  Respectfully submitted,

3                                                         XAVIER BECERRA
                                                          Attorney General of California
4                                                         MARK R. BECKINGTON
                                                          Supervising Deputy Attorney General
5

6                                                         /s/: Lara Haddad
7                                                         LARA HADDAD
                                                          Deputy Attorney General
8                                                         *Attorneys for Defendant Attorney*
                                                          *General of California*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

This case is one of many filed in the wake of the Supreme Court's decision in *Janus v. American Federation of State, County, and Municipal Employees Council 31*, 138 S. Ct. 2448 (June 27, 2018), which struck down mandatory agency fees paid by public sector employees (who were not union members) as a condition of their employment.  But this case presents a very different scenario than the one considered by the Supreme Court in *Janus*: Plaintiff Irene Seager, a former union member, seeks to end the deduction of dues from her paycheck outside of the window of time specified in the membership and dues authorization agreement that she had signed.  *See* First Am. Compl. (FAC), filed March 28, 2019 (ECF No. 34). Among other claims, Plaintiff, a public school  employee, alleges that California Education Code section 45060(a)[1] is unconstitutional because it allows for "the imposition of Defendants' restrictive revocation policy and the deduction of dues from employees who do not affirmatively consent to such deductions," in violation of the First Amendment.[2]  FAC ¶ 47.  Specifically, Plaintiff challenges the portion of the statute that reads, "Any revocation of a written authorization shall be in writing and shall be effective provided the revocation complies with the terms of the written authorization."   FAC ¶ 43, quoting § 45060(a).

20

21

22

23

Plaintiff has failed to allege a claim upon which any relief can be granted.  The law that she challenges does not violate the First Amendment, because the challenged conduct—the deduction of union dues—is not a state action implicating any constitutional right. Instead, the conduct she objects to stems from Plaintiff's

24

25

[1] All future unspecified code citations are to the California Education Code unless noted otherwise.

26

27

28

[2] The FAC raises additional First Amendment challenges to UTLA's dues policy and LAUSD's deduction of dues. The Attorney General joins in Defendant UTLA's motion to dismiss and for judgment on the pleadings, filed on May 29, 2019, which addresses those claims, and incorporates that motion by reference here. *See* Defendant UTLA's Motion to Dismiss and for Judgment on the Pleadings ("UTLA Motion to Dismiss"), ECF No. 43.

Defendant Attorney General's Motion for
Judgment on the Pleadings (2:19-cv-00469)

membership agreement with her union, a private agreement to which the State is not a party.  Thus, Plaintiff's challenge to the constitutionality of section 45060(a) fails as a matter of law, and the Attorney General requests that his motion for judgment on the pleadings be granted.

## BACKGROUND

### I.   PLAINTIFF'S MEMBERSHIP IN UTLA

Plaintiff names Xavier Becerra, in his official capacity as Attorney General ("Attorney General"), United Teachers Los Angeles ("UTLA"), and Austin Beutner, in his official capacity as Superintendent of Los Angeles Unified School District ("LAUSD") as Defendants (collectively, "Defendants").  Plaintiff, a LAUSD employee, is represented by UTLA pursuant to a collective bargaining agreement between UTLA and LAUSD.  FAC ¶¶ 15-16.  On April 6, 2018, Plaintiff became a union member and signed UTLA's membership and dues authorization agreement authorizing her employer to deduct dues from her earnings. *Id.*, ¶¶ 17, 20.  Specifically, the agreement she signed states that it is in effect and irrevocable unless she mails written notice to UTLA between 30-60 days before her membership anniversary date; otherwise, the agreement automatically renews year to year, irrespective of her membership in UTLA.  *Id.*, ¶ 20.  There are no facts alleged that Plaintiff signed this agreement involuntarily.

Then, on July 18, 2018 (a little less than three weeks after *Janus* issued), Plaintiff notified UTLA in writing that she was resigning her union membership and that she no longer consented to the deduction of union dues.  *Id.*, ¶ 19.  UTLA processed her resignation effective July 18, 2018; Plaintiff is no longer a union member.  UTLA Motion to Dismiss, Declaration of Ira L. Gottlieb ("Gottlieb Decl.") (ECF No. 43), Exh. D.  As this was before the end of the yearly period of wage deductions to which she had agreed, UTLA also told Plaintiff that she could stop her dues deduction at the end of the one-year dues deduction period, pursuant to the agreement she had signed.  Gottlieb Decl., Exhs. C, D.  According to the terms of

1    that agreement, Plaintiff could revoke her authorization between February 5 and

2    March 7 each year.  Gottlieb Decl., Exh. F.

3          Plaintiff filed her complaint on January 22, 2019, and UTLA treated the

4    service of that complaint on February 5, 2019, as a timely request to terminate her

5    dues deductions, which it did at that time.  Gottlieb Decl., Exh. F.  All dues

6    deduction from Plaintiff have ended.

7    **II.   ENACTMENT OF SENATE BILL NO. 866**

8          On June 27, 2018, the same day that *Janus* issued, Governor Brown signed SB

9    866, which took effect immediately.  2018 Cal. Stats., ch. 53 (SB 866), attached as

10   Attorney General's RJN, Exh. 1.  The bill did not change the existing authority for

11   employee organizations to request dues deductions from their members' earnings.

12   Cal. Gov. Code § 1152 (2017) (current version Cal. Gov. Code § 1152 (2018)).

13   Nor did the law change public employers' existing authority to administer payroll

14   deductions for public employees of school districts.  Cal. Educ. Code § 45060

15   (1982) (current version Cal. Educ. Code § 45060(a) (2018)).  Rather, the bill

16   "prescribe[d] procedures for the making, canceling, and changing a deduction for

17   an organization or association and would require that these requests be directed to

18   the employee organization rather than the public employer or Controller."  Attorney

19   General's RJN, Exh. 1, Leg. Counsel's Digest at 2.

20         SB 866 extended several principles and procedures regarding authorization of

21   dues deductions, currently available to the State Controller, state employees, and

22   employees of the California State University system, to apply to other public

23   employees, including public school employees.  Attorney General's RJN, Exh. 1,

24   Leg. Counsel's Digest at 2.  As relevant here, SB 866 amended section 45060,

25   which provides that the governing board for each public school employer shall

26   deduct from a public school employee's earnings "the amount which it has been

27   requested in a revocable written authorization by the employee to deduct for the

28   purpose of paying the dues of the employee" for union membership.  § 45060(a).  It

1   also provides that "employee requests to cancel or change authorizations for payroll

2   deductions shall be directed to the employee organization rather than the governing

3   board." § 45060(e).  The specific language challenged by Plaintiff states, "Any

4   revocation of a written authorization shall be in writing and shall be effective

5   provided the revocation complies with the terms of the written authorization."

6   § 45060(a).

7       This Court has already dismissed a constitutional challenge to the portions of

8   sections 45060(a) and 45060(e) requiring that employees communicate their dues

9   deduction revocations to unions directly.  The Court noted, "Section 45060, on its

10   face, does not violate the First Amendment.  Contrary to [Plaintiff's] contention,

11   *Janus* does not hold that employees have the right to resign from a union however

12   they want, regardless of state laws that prescribe clear, common-sense procedures

13   for doing so . . . ." *Babb v. Cal. Teachers Ass'n, et al.*, __ F.Supp.3d __, No. 8:18-

14   cv-00994-JLS-DFM, 2019 WL 2022222 at *17 (C.D. Cal. May 8, 2019).

15                      **PROCEDURAL BACKGROUND**

16       As noted above, Plaintiff commenced this action on January 22, 2019, and

17   filed the First Amended Complaint on March 28, 2019.[3]  She seeks declaratory,

18   injunctive, and monetary relief, as well as class certification.  Plaintiff contends that

19   Defendant LAUSD's deduction and collection of union dues after her attempt to

20   revoke her dues authorization violates her First Amendment rights to free speech

21   and association (and the rights of the purported class she seeks to represent)

22   pursuant to the Supreme Court's decision in *Janus*.  FAC ¶ 46.  Relevant to the

23   Attorney General's motion is Plaintiff's allegation that the enforcement of section

24   45060(a) is unconstitutional because it allows for the enforcement of UTLA's dues

25   revocation contract terms, and that Defendants are "acting under color of state law"

26   in maintaining and enforcing those terms.  *Id.*, ¶¶ 47, 43.

27

28

---

[3] Plaintiff initially filed a Stipulation to Amend the Complaint on March 27, 2019, (ECF No. 33) to which the First Amended Complaint was attached.  ECF No. 33-1.

Defendant Attorney General's Motion for
Judgment on the Pleadings (2:19-cv-00469)

1   Plaintiff requests injunctive relief enjoining the Attorney General from
2   enforcing section 45060(a) and any other provisions of California law that "allow
3   for Defendants' restrictive revocation policy and the deduction of dues from
4   employees who do not affirmatively consent to such deductions." FAC ¶ C, p. 17.
5   She also seeks declaratory relief that UTLA's dues revocation policy is
6   unconstitutional under the First Amendment, "as secured against State infringement
7   by the Fourteenth Amendment and 42 U.S.C. § 1983 . . . ." *Id.*, ¶ B, p. 16.  But
8   Plaintiff does not allege that she was required to become a union member or to sign
9   the dues deduction authorization.  Nor does she allege that the State had any role in
10  her decision to do so.  She also alleges no facts showing that the State had any role
11  in drafting the terms of UTLA's dues authorization agreement or that the State has
12  made a finding as to the constitutionality of UTLA's dues authorization agreement.

### LEGAL STANDARD

14  Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the
15  pleadings "after the pleadings are closed—but early enough not to delay trial." Fed.
16  R. Civ. P. 12(c).

17  A motion for judgment on the pleadings "challenges the legal sufficiency of
18  the opposing party's pleadings." *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152,
19  1154-55 (E.D. Cal. 2006), aff'd, 277 Fed.Appx. 734 (9th Cir. 2008).  "A district
20  court will render a 'judgment on the pleadings when the moving party clearly
21  establishes on the face of the pleadings that no material issue of fact remains to be
22  resolved and that it is entitled to judgment as a matter of law.'"  *Enron Oil Trading
23  & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997)
24  (quoting *George v. Pacific - CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir.
25  1996).

26  "All allegations of fact by the party opposing the motion are accepted as true,
27  and are construed in the light most favorable to that party." *Gen. Conference Corp.
28  of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887

1  F.2d 228, 230 (9th Cir. 1989); *Schuett v. FedEx Corp.*, 119 F. Supp. 3d 1155, 1159

2  (N.D. Cal. 2016).  "As a result, a plaintiff is not entitled to judgment on the

3  pleadings when the answer raises issues of fact that, if proved, would defeat

4  recovery."  *Seventh-Day Adventists Congregational Church*, 887 F.2d at 230.  A

5  motion for judgment on the pleadings will not be granted unless it appears "beyond

6  doubt that the [non-moving party] can prove no set of facts in support of his claim

7  which would entitle him to relief."  *Enron Oil Trading & Transp. Co.*, 132 F.3d at

8  529 (quoting *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 529 (2d Cir. 1996)); *Morgan*,

9  436 F. Supp. 2d at 1155.

10     When deciding a Rule 12(c) motion, courts may consider facts set forth in the

11  pleadings as well as facts that are contained in materials of which the court may

12  take judicial notice.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981

13  n.18 (9th Cir. 1999) (citation omitted); see also *Hebert Abstract Co. v. Touchstone*

14  *Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (a Rule 12(c) motion "is designed to

15  dispose of cases where the material facts are not in dispute and a judgment on the

16  merits can be rendered by looking to the substance of the pleadings and any

17  judicially noticed facts") (per curiam).

18                              **ARGUMENT**

19     **PLAINTIFF CANNOT STATE A CONSTITUTIONAL CHALLENGE TO**
    **SECTION 45060(A) BECAUSE HER PURPORTED HARM IS NOT BASED ON**
20  **ANY STATE ACTION**

21     Plaintiff's challenge to the constitutionality of section 45060(a) fails as a

22  matter of law, because her claimed injury arises not from section 45060(a) but from

23  her voluntary decision to join UTLA and from the terms of her dues authorization

24  agreement with UTLA.  *See* FAC ¶ 19 ("Seager notified UTLA on July 18, 2018

25  and August 24, 2018, in writing, . . . that she did not consent to any deduction of

26  union dues or fees from her wages.  UTLA responded in writing denying her

27  request."); ¶ 24 ("Furthermore, Defendants' continued deduction and collection of

28

1   union dues in spite of the decision to revoke any prior dues authorization violates

2   Seager's . . . First Amendment rights to free speech and association . . .").

3       Plaintiff brings this First Amendment challenge against section 45060(a)

4   pursuant to 42 U.S.C. section 1983.  FAC ¶ 6.  But "[t]o state a claim under § 1983,

5   a plaintiff must show that the allegedly unconstitutional conduct is fairly

6   attributable to the State."  *Bain v. Cal. Teachers Ass'n*, 156 F. Supp. 3d 1142, 1149

7   (C.D. Cal. 2015) (citing *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d

8   806, 812 (9th Cir. 2010)).  "At bottom, the state action requirement serves to

9   'avoid[ ] imposing on the State, its agencies or officials, responsibility for the

10   conduct for which they cannot fairly be blamed.'"  *Naoko Ohno v. Yuko Yatsuma*,

11   723 F.3d 984, 994 (9th Cir. 2013) (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457

12   U.S. 922, 936 (1982)).

13       Here, the State is not "*responsible* for the specific conduct of which the

14   plaintiff complains"—the deduction of her dues for approximately six months after

15   resigning her union membership—and so Plaintiff's challenge to section 45060(a)

16   fails as a matter of law because she cannot show that the conduct at issue is itself a

17   "state action."  *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (emphasis in original).

18       Courts employ a two-prong test to determine if challenged conduct is a state

19   action:

20           The first prong asks whether the claimed constitutional deprivation resulted

21           from the exercise of some right or privilege created by the state or by a
        person for whom the State is responsible.  The second prong determines

22           whether the party charged with the deprivation could be described in all
        fairness as a state actor.

23

24   *Naoko Ohno*, 723 F.3d at 994 (quoting *Lugar*, 457 U.S. at 937).  As discussed

25   below, Plaintiff's challenge to section 45060(a) does not satisfy either prong of the

26   state action requirement.

27

28

## I.   THE UNION'S POST-RESIGNATION DEDUCTION OF DUES IS NOT BASED ON A RIGHT OR PRIVILEGE CREATED BY THE STATE

As to the first prong of the "state action" analysis described in *Naoko Ohno*, the challenged conduct here did not result from any obligation created or imposed by the State or the enactment of section 45060(a), but rather was the result of an entirely private (and voluntary) transaction—UTLA's membership and dues authorization agreement with Plaintiff.

Plaintiff alleges that section 45060(a) is unconstitutional because it allows for UTLA's dues authorization policy and the continued deduction of dues.  FAC ¶ C, p. 17.  But "[a]ctions taken by private entities with the mere approval or acquiescence of the State is not state action."  *Caviness*, 590 F.3d at 817 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999)).  Indeed, the Supreme Court has noted that it "has never held that a State's mere acquiescence in a private action converts that action into that of the State."  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978) (finding that a plaintiff could not state a section 1983 claim against the State of New York for enacting the New York Uniform Commercial Code, which allowed a storage company to sell the plaintiff's goods).

Here, Plaintiff's purported injury stems entirely from her decision to execute a membership agreement with UTLA, and the maintenance of dues deduction terms within that agreement.  By executing that agreement, Plaintiff authorized the deduction of dues from her salary.  The State was not a party to that agreement, and Plaintiff does not allege—nor could she—that section 45060(a) (or any other state law) compelled her to join UTLA, or that it required her membership agreement to include the revocation policy that it does.  Indeed, SB 866, which amended section 45060(a) to include the language Plaintiff challenges, was enacted several months *after* Plaintiff's execution of the membership agreement and played no role in that

Defendant Attorney General's Motion for
Judgment on the Pleadings (2:19-cv-00469)

1    agreement's formation.  Likewise, the State did not participate in the formation of

2    the membership agreement.

3        Nor can Plaintiff point to her employer LAUSD's ministerial function of

4    processing her dues deductions after her resignation from UTLA as "state action"

5    implicating constitutional protections.  As another district court has recently held in

6    a similar dues-deduction case, "Defendants' obligation to deduct fees in accordance

7    with the authorization 'agreements does not transform decisions about membership

8    requirements . . . into state action.'"  *Belgau v. Inslee*, 359 F. Supp. 3d 1000, 1015

9    (W.D. Wash. Feb. 15, 2019), appeal docketed No. 19-35137 (9th Cir. Feb. 20,

10   2019) (quoting *Bain v. Cal. Teachers Ass'n,* No. 2:15-cv-02456-SVW-AJW, 2016

11   WL 6804921, at *7 (C.D. Cal. May 2, 2016)); *see also Delgado v. Smith*, 861 F.2d

12   1489, 1495-96 (11th Cir. 1988) (a state's ministerial approval of a voter initiative

13   did not constitute state action); *Cobb v. Saturn Land Co., Inc.*, 966 F.2d 1334, 1337

14   (10th Cir. 1992) ("[A]ctions of a county clerk, who merely accepted and recorded

15   the required lien materials prepared by Defendant and issued filing notices to

16   Plaintiff," were not state actions sufficient to invoke constitutional protection).

17   Plaintiff's purported injury therefore arises solely from her private contract with

18   UTLA, and is not fairly attributable to any state action, or any right or privilege

19   created by the State.

## II.   UTLA IS NOT A "STATE ACTOR"

21       Even if Plaintiff could satisfy the first prong of the state action test—and as

22   demonstrated above, she cannot—her constitutional challenge to the continued

23   collection of dues following her resignation from UTLA fails at the second prong

24   because UTLA is not a state actor.  Here, "the party charged with the

25   deprivation"—in this case, UTLA—is not a person "who may fairly be said to be a

26   state actor," where "'state actor' means an actor for whom a domestic governmental

27   entity is in some sense responsible." *Naoko Ohno*, 723 F.3d at 994 (quoting *Lugar*,

28   457 U.S. at 937).  The Supreme Court has articulated four tests to determine

1   whether a non-governmental entity's actions amount to state action: (a) the public

2   function test; (b) the joint action test; (c) the state compulsion test; and (d) the

3   governmental nexus test.  *Id.* at 995 (internal citations omitted); *Am. Mfrs. Mut. Ins.*

4   *Co.*, 526 U.S. at 52-58.  UTLA's continued deduction of Plaintiff's dues payments

5   until her revocation period occurred, pursuant to the terms of her membership and

6   dues authorization agreement, does not satisfy any of the four tests necessary to

7   establish UTLA as a "state actor."

8        **A.   The Public Function Test**

9        This matter does not satisfy the "public function test," because state law does

10  not vest UTLA with any governmental powers.  "Under the public function test,

11  'when private individuals or groups are endowed by the State with powers or

12  functions governmental in nature, they become agencies or instrumentalities of the

13  State and subject to its constitutional limitations.'"  *Lee v. Katz*, 276 F.3d 550, 554-

14  55 (quoting *Evans v. Newton*, 382 U.S. 296, 299 (1966)).  "To satisfy the public

15  function test, the function at issue must be both traditionally and exclusively

16  governmental."  *Lee*, 276 F.3d at 555 (quoting *Rendell-Baker v. Kohn*, 457 U.S.

17  830, 842 (1982)).

18       Here, UTLA was not endowed by the State "with power or functions

19  governmental in nature."  *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d

20  916, 924 (9th Cir. 2011).  The statute challenged by Plaintiff—section 45060(a)—

21  does not vest UTLA, or any union, with governmental authority.  Rather, it

22  provides only that public school employers are authorized to deduct dues *if*

23  *authorized in writing* by an employee for membership to an employee organization,

24  and to stop deducting dues provided the employee's revocation complies with the

25  terms of the written authorization.  § 45060(a) (emphasis added).  It also specifies

26  that public school employers must rely on the employee organization for

27  information regarding the dues deductions.  § 45060(e).  Thus, UTLA's decision to

28  require dues from employees who voluntarily become union members, and its

1   enforcement of contract terms governing the termination of that requirement, are

2   neither "traditionally" nor "exclusively governmental." *Lee*, 276 F.3d at 555.

3   Rather, it is purely a matter of contract, like any other membership agreement.

4   **B.   The Joint Action Test**

5       The State (through either the Legislature or LAUSD) and UTLA have not

6   acted in concert to deprive Plaintiff of her constitutional rights to satisfy the "joint

7   action test."  For purposes of this test, a "'[j]oint action' exists where the

8   government affirms, authorizes, encourages, or facilitates unconstitutional conduct

9   through its involvement with a private party." *Naoko Ohno*, 723 F.3d at 996.  None

10  exists here.  As discussed, Plaintiff's claims center on the terms of her membership

11  and authorization agreement with UTLA and UTLA's enforcement of the dues

12  deduction provisions of that agreement.  FAC ¶ C, p. 17.  To that end, she

13  voluntarily entered into that agreement in 2018.  *Id.*, ¶ 17.  UTLA's decision to

14  enforce the contents of that agreement was made completely independent of any

15  actions by the State.  The State did not affirm, authorize, encourage, or facilitate the

16  contents of the agreement, nor has the State "so far insinuated itself into a position

17  of interdependence with" the unions "that it must be recognized as a joint

18  participant in the challenged activity." *Naoko Ohno*, 723 F.3d at 996 (internal

19  citations omitted).  Rather, LAUSD's deduction of Plaintiff's dues after her

20  resignation for a period of time followed UTLA's *private* decision to enforce the

21  terms of the membership and dues authorization agreement.

22      Nor does LAUSD's role in facilitating the deductions amount to "significant

23  assistance" in negotiating the terms of the authorization agreement between

24  Plaintiff and UTLA.  *See Naoko Ohno*, 723 F.3d at 996 (finding that a district

25  court's enforcement order of procedures established by a law could not be said "to

26  provide 'significant assistance' to the *underlying* acts that the [appellant] contends

27  constituted the core violation of its First Amendment rights.") (emphasis in

28  original).  LAUSD 's administration of dues deductions did not significantly assist

UTLA in setting the conditions of membership to include the limitation on

resignation, and does not amount to a joint action that would make UTLA a state

actor.

### C.   State Compulsion Test

The State has also not exercised any coercive power over UTLA.  Under the

"state compulsion" test, "[a] state may be responsible for a private entity's actions

if 'it has exercised coercive power or has provided such significant encouragement,

either overt or covert, that the choice must in law be deemed to be that of the

State.'"  *Caviness*, 590 F.3d at 816 (quoting *Blum*, 457 U.S. at 1004).

Here, the terms governing Plaintiff's deduction of dues exist only between

Plaintiff and UTLA.  The State—whether independently or through LAUSD—did

not co-sign the membership and dues authorization agreement.  Indeed, the FAC

does not allege that the State exercised coercive power over UTLA or played any

role whatsoever in the creation or execution of the agreement's terms for dues

deduction.  Nor are there any allegations showing that the State or LAUSD

encouraged or otherwise coerced the unions to enforce the terms of the membership

agreement.  To the contrary, section 45060 requires public school employers to

keep their distance from any changes to membership dues deductions—it specifies

that "[e]mployee requests to cancel or change authorization for payroll deductions

for employee organizations shall be directed to the employee organization rather

than the" public school employer.  § 45060(e).  Because the State played no role in

the creation of the membership and dues authorization agreement, its execution by

Plaintiff, or its enforcement by UTLA, Plaintiff cannot show that UTLA is a state

actor under the "state compulsion" test.

### D.   The Governmental Nexus Test

Finally, for many of the reasons already noted above, Plaintiff's claim does

not satisfy the "governmental nexus" test.  "Under the governmental nexus test, a

private party acts under color of state law if 'there is a sufficiently close nexus

between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Nakao Ohno*, 723 F.3d at 995 n.13 (quoting *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (internal citations omitted)).

Here, UTLA's enforcement of its membership and dues authorization agreement cannot be treated as an act of the State itself. To the contrary, UTLA's decisions to include the maintenance of dues provision in its membership agreement and to enforce that provision against Plaintiff were made entirely independent of the State. "Courts have regularly rejected attempts to find state action in the internal decisions of unions even when they are given exclusive bargaining authority by state law." *Bain v. Cal. Teachers Ass'n*, No. 2:15-cv-02465-SVW-AJW, 2016 WL 6804921 at *7 (C.D. Cal. May 2, 2016).

Moreover, LAUSD's continued deduction of Plaintiff's dues does not create the requisite governmental nexus. In *Bain*, the court held that the "government's ministerial obligation to deduct dues" for union members "does not transform decisions about membership requirements into state actions." *Id.* (citing *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 817 (7th Cir. 2009)). And in *Kidwell v. Transp. Commc'ns Int'l Union*, 946 F.2d 283, 298 (4th Cir. 1991), the court found that the government could not be held responsible for a union's membership criteria, because the governmental authority conferred upon the union did not specifically authorize or require the action complained of.

Similarly here, neither state law nor any collective bargaining agreement with UTLA prescribes any specific action that UTLA should have taken in either creating or enforcing a dues deduction requirement as part of its membership agreements with its members and former members. Therefore, Plaintiff's allegations regarding UTLA's enforcement of the dues deduction provision do not establish the governmental nexus necessary to invoke constitutional scrutiny.

Defendant Attorney General's Motion for
Judgment on the Pleadings (2:19-cv-00469)

1    Thus, because Plaintiff has not alleged, and cannot allege, that UTLA is a state

2  actor under any of the four applicable tests, she fails to meet the second-prong of

3  the "state action" test.  Accordingly, she cannot show government involvement

4  sufficient in character and impact that would make the State responsible for the

5  alleged harm caused by the continued deduction of union dues from her salary for

6  the six months following her resignation from UTLA.  *See Naoko Ohno*, 723 F.3d

7  at 937-42.  Her constitutional challenge to section 45060(a) must therefore be

8  dismissed.

9                                     **CONCLUSION**

10   For the foregoing reasons, Defendant California Attorney General respectfully

11 requests that the Court grant this motion for judgment on the pleadings and dismiss

12 the constitutional challenge to California Education Code section 45060(a), without

13 leave to amend.

17 Dated:  May 29, 2019                    Respectfully submitted,

18                                         XAVIER BECERRA
                                          Attorney General of California
19                                        MARK R. BECKINGTON
                                          Supervising Deputy Attorney General
20

21

22                                        */s/ Lara Haddad*
                                          LARA HADDAD
23                                        Deputy Attorney General
                                          *Attorneys for Defendant Attorney*
24                                        *General of California*

Defendant Attorney General's Motion for
Judgment on the Pleadings (2:19-cv-00469)

## CERTIFICATE OF SERVICE

Case Name: **Seager, Irene v. United Teachers Los Angeles, et al.**          Case No.: **2:19-cv-00469**

I hereby certify that on <u>May 29, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CALIFORNIA ATTORNEY GENERAL'S NOTICE AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 29, 2019</u>, at Los Angeles, California.


|  Colby Luong  |  /s/ Colby Luong  |
| :---: | :---: |
| Declarant | Signature |

SA2019100448
53453334.docx